**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1542-17T2

JAN STOBBE,

     Plaintiff-Appellant,

v.

LAURA STOBBE,

     Defendant-Respondent.

_____

          Submitted December 10, 2018 – Decided January 10, 2019

          Before Judges Messano and Rose.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-0236-14.

          August J. Landi, attorney for appellant.

          Callagy Law, PC, attorneys for respondent (Brian P. McCann, on the brief).

PER CURIAM

     Plaintiff Jan Stobbe and defendant Laura Stobbe were married in 1986 and had three children. Divorce proceedings began in 2013 with the filing of

plaintiff's complaint; defendant filed a counterclaim. In 2015, with both parties represented by counsel, the judge entered a consent order referring all matters in dispute to arbitration before an arbitrator of the parties' choice. The arbitration agreement specifically included the parties' waiver of any objection to the arbitrator mediating the dispute at their request. See Minkowitz v. Israeli, 433 N.J. Super. 111, 147-48 (App. Div. 2013) ("[A]bsent the parties' contract to the contrary, once a neutral assumes the role of mediator, he or she may not assume the role of arbitrator.").

Almost two years later, in March 2017, again with the advice of counsel, the parties entered into a property settlement agreement (PSA) that resolved all issues except their respective contributions to the children's college expenses. In section 5.4, the PSA specifically stated that the arbitrator "shall decide via written submission all issues relating to the choice of college and each party's financial contribution to the college expenses . . . , including the allocation of past and future college expenses."

Before issuing a decision, the arbitrator requested and received additional information from plaintiff and defendant. He offered the parties the opportunity to orally argue their positions. Although plaintiff's counsel initially sought argument, he withdrew the request. On June 15, 2017, the judge entered a final

judgment of divorce (JOD) that incorporated the PSA. On August 11, 2017, the arbitrator issued a comprehensive written decision and award that addressed the sharing of college expenses for the parties' two oldest children, one of whom was scheduled to graduate in spring 2018, but left open the issue of college expenses for the parties' youngest child.

Within weeks, plaintiff moved to vacate the arbitration award, appoint a replacement arbitrator and sought counsel fees. Defendant cross-moved to enforce the award and other provisions of the PSA. The judge granted defendant's motion and denied plaintiff's in a separate order. In a handwritten statement of reasons on the order granting defendant's motion, the judge cited the provision of the PSA in which the parties agreed to have the arbitrator decide their children's choice of college and respective contribution to college expenses. This appeal followed.

Plaintiff contends the PSA did "not constitute a legally sufficient [r]eferral to ADR or [a]rbitration," making the award "a nullity."[1] He also contends the judge's "cursory [s]tatement of [r]easons confirming the . . . award failed to

---

[1] ADR refers to Alternative Dispute Resolution.

A-1542-17T2

address" prejudicial errors that require vacation of "orders" the arbitrator entered "pre-divorce."[2] We disagree and affirm.

We begin by noting that plaintiff does not attack the validity and enforceability of the PSA. See, e.g., N.H. v. H.H., 418 N.J. Super. 262, 279 (App. Div. 2011) (recognizing the validity and enforceability of PSAs, particularly in matrimonial litigation). He only contends that section 5.4 of the PSA does not reflect a valid agreement to arbitrate the post-secondary education issues. The argument lacks sufficient merit to warrant extended discussion. R. 2:11-3(e)(1)(E). We add only these brief comments.

When read in its entirety, the PSA fully complies with the requirements of Rule 5:1-5(b)(2)(A). Moreover, plaintiff's actual conduct demonstrates a complete understanding of the nature and limits of the arbitral process. We further reject plaintiff's assertion that the initial arbitration agreement contained an insufficient Minkowitz waiver, thereby tainting the agreement in its entirety, as well as the process leading up to negotiation and acceptance of the PSA. The parties were not required to use the sample form that is an appendix to the Rules

---

[2] Plaintiff's brief contains four point headings, but the brief presents arguments for only the first two. Any issue not properly briefed is considered waived. Drinker Biddle & Reath LLP v. N.J. Dep't of Law and Pub. Safety, Div. of Law, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011).

of Court.  See Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 5:1-5 (2019) ("[T]he parties are not required to agree to all provisions in the form agreements and may agree to use a different agreement altogether, provided that the requirements of paragraph (b)(2)(A) through (C) are met.").  The PSA expressly contains the parties' understanding of the arbitrator's dual role, and their agreement that he could "resume his role" as arbitrator to resolve the college expenses issues.  Finally, plaintiff's "due process" argument is spurious.  Plaintiff freely and voluntarily entered into the PSA, which expressly stated the arbitrator would decide the college expense issues by written submissions; plaintiff never objected.

We discern plaintiff's second point to be a challenge to the adequacy of the judge's findings of fact and conclusions of law, and his alleged failure to address the specific points plaintiff raised in his motion papers.  See R. 1:7-4(a) (requiring the judge to "find the facts and state [his] conclusions").  However, while the judge's statement of reasons could have been more expansive, its brevity in no way inhibited our review.  Gnall v. Gnall, 222 N.J. 414, 428 (2015).  Simply put, plaintiff failed to present any grounds that warranted nullifying the agreement to arbitrate and vacating the arbitrator's award.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1542-17T2